## LYONS v. BROADWAY & S. A. R. Co.

*(City Court of New York, General Term.*  May 28, 1890.)

CARRIERS—INJURY TO PASSENGER—ASSAULT BY EMPLOYE.

A street railway company is liable for the acts of one of its drivers in wrongfully throwing a passenger off a car; the rule relieving a master from liability for a malicious injury inflicted by his servant not applying as between a common carrier and a passenger where the servant is performing duties which the master owes to its passengers.

Appeal from trial term.

Action by John J. Lyons against the Broadway & Seventh Avenue Railroad Company   There was a verdict and judgment for plaintiff.   Defendant appeals.

Argued before McADAM, C. J., and McGOWN and FITZSIMMONS, JJ.

*Root & Clarke*, for appellant.  *John Klein*, for respondent.

PER CURIAM. The case was fairly tried, and the exceptions taken to the admission of evidence seem to be without force. The complaint, as amended, claims damages for loss of service arising from inability to work, and charges that the injuries were of a permanent character, so that the testimony upon these subjects was within the issue. The only exception to the charge is that part wherein the court said: "The company is liable for the willful acts of its servants while performing duties which it owes to its passengers." The plaintiff was riding upon the front platform of the car. Neither the conductor nor driver objected to his presence there. He gave the conductor a 25-cent piece in payment of the fares of the plaintiff, and a friend who was with him. The conductor handed him 15 cents in change. The plaintiff found fault with the 10-cent piece he received, and the conductor gave him

another instead. The driver took offense at the passenger ringing the conductor up, and threw the plaintiff off the car. We think the defendant is liable for the consequences of this act. The driver was in charge of the front platform of the car, had the power to keep any improper person from it, and had the right to put any disorderly person off it. He was not bound to ask the conductor to do this, or consult him about doing it. If he put the wrong person off, it was a mistake for which the master was liable. Having the power, as servant of the corporation, to expel improper persons from the platform, and the master being liable for his mistakes committed in the exercise of this authority, the defendant is answerable, though the act was willfully done. *Railroad Co.* v. *Gastka,* 21 N. E. Rep. 522; *Mott* v. *Ice Co.,* 73 N. Y 543; *Dwinelle* v. *Railroad Co.,* 24 N. E. Rep. 819. The trial judge was careful not to hold that the master was liable for acts outside of the servant's duty and his master's business, or for things done maliciously for the servant's own purposes; for he confined the liability to willful acts of the servant "while performing duties which the corporation owed to its passengers." One of these duties, we apprehend, was to protect, rather than endanger, the lives and limbs of passengers. In *Stewart* v. *Railroad Co.,* 90 N. Y. 588, the court of appeals declared that a carrier undertakes to protect the passenger against any injury arising from the negligence or willful misconduct of its servants while engaged in performing a duty which the carrier owes to the passenger, and held that the rule relieving a master from liability for a malicious injury inflicted by his servant does not apply as between a common carrier of passengers and a passenger. The plaintiff was severely injured, and the verdict for $1,500 is not excessive. Upon the entire case the judgment must be affirmed, with costs.